**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RAPHAEL RAPHLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:03-cv-1665-DFH-TAB |
| | ) | |
| INDIANA MEDICAL BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Plaintiff's Motions for Recusal and to
Consolidate and Discussing the Verified Third Amended Complaint**

**I.  Introduction**

On December 31, 2003, the court dismissed plaintiff Raphlah's complaint with instructions permitting him to file an amended complaint on or before February 2, 2004. The plaintiff did not do so, and this action was dismissed in a judgment entered on February 10, 2004. The dismissal was with prejudice. Since that time, the plaintiff has filed a series of post-judgment motions, all of which have been denied, and an appeal from one of those post-judgment rulings. The appeal was dismissed.

On August 13, 2007, the plaintiff filed a motion for recusal and his verified third amended complaint. These filings were followed on August 17, 2007, with the plaintiff's motion to consolidate cases.

The August 2007 filings – the motions for recusal and to consolidate, and the verified third amended complaint – are addressed in this Entry.

**II.  Motion for Recusal**

"[I]n reviewing a recusal motion, a court must proceed by 'examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *United States v. Muyet,* 994 F. Supp. 550, 554 (S.D.N.Y. 1998) (quoting 28 U.S.C. § 455(a)).

The motion for recusal filed on August 13, 2007, was the first and only such motion filed in this case, three and one-half years after the case was closed and only after the plaintiff had filed 16 matters after the final judgment was entered.  The gist of the motion

to recuse is that because my brother was the Secretary of the Indiana Family and Social Services Administration ("FSSA") for a period of time from 2001 until July or August 2003, there was the appearance of partiality in this case which required me to disqualify myself from the case. The complaint in this action included broad allegations but no claims against the FSSA or its personnel.  The complaint named several defendants, but not the FSSA or its personnel.[1]  The FSSA was not mentioned in the complaint, nor did plaintiff challenge any policy of that agency.

The plaintiff seeks my disqualification pursuant to 28 U.S.C. § 455(a). Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This section is the "catchall recusal provision, covering both interest and relationship and bias and prejudice grounds." *Liteky v. United States,* 510 U.S. 540, 548 (1994).

In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." The inquiry, therefore, is "limited to outward manifestations and reasonable inferences drawn therefrom." *In re McCarthey,* 368 F.3d 1266, 1269 (10th Cir. 2004).  "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States,* 441 F.3d 44, 68 (1st Cir. 2006).

Disqualification pursuant to § 455(a) may be appropriate when there is an appearance of bias, as opposed to actual bias. The plaintiff's position relative to recusal is that because my brother served for a period in the Indiana state government, and because the agency which he directed has policies the plaintiff apparently finds objectionable, I should have recused myself in this case.  If the case had actually involved my brother or the FSSA, disqualification would have been or at least could have been appropriate.[2]  In this case, however, neither my brother nor the agency was mentioned or even indirectly criticized in the complaint.  The plaintiff's complaint concerns the apparent revocation of his medical license (not a function of the FSSA) and the plaintiff's arrest and treatment while in the Hendricks County Jail and the Marion County Jail (also not functions of the FSSA). The plaintiff sought damages for these asserted injuries to his professional status and to his reputation, but he did not seek damages or any other relief from the FSSA or its Secretary or personnel.

---

[1] The defendants in the original complaint were the Indiana Medical Board, the Capitol Police Department, the Hendricks County Prosecutor, Jail & Clerk, the Marion County Jail, the Avon Police Department, the Tackitt Bonding Agency, the Indianapolis Star, Channel 13, Hendricks County Local Papers, Avon Meijer Pharmacy, and Plainfield Kroger Pharmacy.

[2] I have previously disqualified myself automatically in cases against FSSA while my brother was the Secretary of the agency and cases against the Indiana Department of Environmental Management while he was the Commissioner of that agency. See 28 U.S.C. § 455(b)(5)(i). Following his tenure with each of those agencies, I have disqualified myself from any actions in which I have known his actions were being challenged or in which he was likely to be a material witness. See 28 U.S.C. § 455(b)(5)(iv). None of those conditions were met in this case.

Under § 455(a), the moving party must demonstrate an "objectively reasonable basis for questioning a judge's impartiality." *In re International Business Machines Corp.,* 45 F.3d 641, 644 (2d Cir. 1995). What the plaintiff has shown in this case is that he had claims (which the court found to be without legal basis under 42 U.S.C. § 1983) against an agency of the State of Indiana other than the FSSA, against county jail personnel, and against private entities.

The sole link between this lawsuit and my brother's position with the FSSA is the State of Indiana's operation of both the FSSA and the Indiana Medical Licensing Board. There has been no suggestion of an overlap in the functions of these two agencies or of an influence in the operation of the Medical Licensing Board by the FSSA or by my brother. The complaint was filed in this case on December 10, 2003, and was found to be legally insufficient to support relief in a written ruling issued on December 31, 2003. The reasons for the insufficiencies of the complaint were identified, and the plaintiff was given an opportunity to file an amended complaint. When he failed to do so, the action was dismissed. In the ensuing years, despite many filings and several efforts to have the action re-opened, the plaintiff has not alerted the court to any claimed connection between the FSSA and any of the defendants or any of the damage for which he seeks redress here. Under these circumstances, a reasonable person would not believe that the sole link between this lawsuit and my brother could or would lead the court to rule on a basis other than the merits. Instead, the plaintiff has revealed the view that he believes he has been victimized by all people and all the instruments of government in all ways, and that these events are causally connected. Such a view would not be held by a reasonable person. See *United States v. Evans,* 262 F. Supp. 2d 1292, 1294 (D.Utah 2003) ("In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'") (footnote and citation omitted). Because of this the plaintiff has failed to show an objectively reasonable basis for questioning my impartiality. Accordingly, the motion for recusal filed on August 13, 2007, is **denied.**

### III. Motion to Consolidate Cases

The plaintiff seeks leave to consolidate this, a closed case, with another closed case, that being No. 1:05-cv-899-DFH-TAB. There is no utility to either the parties or to the court in such a gesture. The motion to consolidate cases is **denied.**

### IV. Verified Third Amended Complaint

The plaintiff filed what he labeled as his verified third amended complaint on August 13, 2007. However, as he knows from the discussion in Part II of the Entry issued on October 24, 2004, of a procedurally comparable matter "a party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir. 2000). As he also knows from the Entry of May 30, 2006, this action was closed on February 10, 2004, and has remained closed.

On the basis of the foregoing, the verified third amended complaint filed on August

13, 2007, **is of no effect.**

     So ordered.

                                                              *David F. Hamilton*

                                                           DAVID F. HAMILTON, Judge
                                                           United States District Court

Date:   11/5/2007

Distribution:

Raphael Raphlah, 217 North St., Indianapolis, IN 46202